Mrs. G. P. Snow, Hearst Magazines, Inc. *v.* United States [1]

[1] C. D. 13.

## United States Customs Court, Third Division

(Decided July 14, 1938)

*Manheim Rosenzweig (James Carroll* and *Warren P. McGoldrick* of counsel) for the petitioners.
*Joseph R. Jackson,* Assistant Attorney General (*Dorothy C. Bennett* and *Richard F. Weeks,* special attorneys), for the respondent.

Before CLINE, EVANS, and KEEFE, Judges; EVANS, J., not participating

CLINE, Judge: This is a petition filed under section 489 of the Tariff Act of 1930 for remission of additional duties assessed on certain drawings which were found to have been undervalued upon entry at the port of New York.

It appears from the record that the merchandise consists of six fashion drawings imported by parcels post without consular invoice. At the trial, Mr. Harry Gill, office manager of the importing firm, testified that he sent a boy to the appraiser's stores to get the drawings when they arrived and found that they were held for higher duties; that he then took the matter up with the vice president of Harper's Bazaar, who in turn called an attorney in the legal department, with whom the witness went to the office of the appraiser and discussed the matter, after which time it was left in the hands of the attorney.

The next witness for petitioner was Mr. James Carroll, who stated that he is a lawyer and member of the legal department of the Hearst Corporation. He testified that in September 1935, prior to entry, he went to the appraiser's stores, where he talked with examiner Frank McCarthy and was told that the drawings would be valued at the price which would be paid the artists if the drawings were accepted. He testified further that he visited Mr. McCarthy three or four times before entry; that he also consulted with Mrs. Snow, who was the editor of Harper's Bazaar, and was informed that these drawings were to be paid for at a price not fixed in advance but at the price she decided should be paid to the artists if the drawings were accepted. He stated that the matter was again discussed with Mr. McCarthy and with Mr. Becker, the assistant appraiser, but he had disagreed with those gentlemen as to the theory upon which the drawings should be valued. The witness stated that he was asked by the Government officers what price would be paid for the drawings if they were accepted and he told them that it would be $1,400 but that he felt $1,400 was not the dutiable value and that he would like to

test the question in court. He testified further that he entered the drawings at $90 but stated in the entry that they would pay the artists $1,400. After various discussions with the customs officers, he prepared a *pro forma* invoice in which he valued the drawings at $90.

The entry and the letter which accompanied it are in the record forwarded by the collector. We find no notation on the entry stating that $1,400 was the price to be paid for the drawings but the letter accompanying the entry contains the following statements:

(3) I do not believe there is in Paris or New York a market for the drawings, and I have, accordingly, declared their value at the nominal sum of $15 each or $90 in all. And I ask that if the drawings are held dutiable at all, and I do not believe they are, the duty be assessed on the value as so declared.

(4) To aid the Collector and the Appraiser the writer further states that Edmundsen having sent her two drawings will be paid $600 by Harper's Bazaar, and Luza having sent his four will be paid $800, a total of $1,400.

The witness testified that after checking the law and the customs cases he wanted to test the question and he could find no other way of bringing the matter before the court than to make the entry at a nominal value and permit the appraiser to advance.

The drawings were appraised at $1,400 and the importer appealed to reappraisement, which appeal was dismissed. An application for review of the decision of the single judge upon reappraisement was prosecuted before the appellate division of this court and the decision below was affirmed. Copies of the decisions of the Customs Court are attached to the papers forwarded by the collector. Those decisions held that there was no foreign, export, or United States value for the drawings and that the appraiser did not have before him all the elements necessary to find cost of production, and inasmuch as the importer, who claimed that the merchandise was dutiable on a value equal to the cost of production, did not prove all of the elements necessary to find that value, the appeal was dismissed because the importer had not overcome the presumption of correctness attaching to the appraiser's return. On appeal to the United States Court of Customs and Patent Appeals, the decision of the Customs Court was affirmed. *Mrs. G. P. Snow* v. *United States*, 24 C. C. P. A. 319, T. D. 48767.

At the trial, counsel for respondent called attention to a stipulation or waiver filed by the importer at the customs house, a copy of which was attached to the petition in this case, and moved to dismiss this petition on the ground that the importer had waived all refunds. The stipulation is in conformity with the form prescribed in article 1115 (*a*) of the Customs Regulations of 1931, permitting an importer to obtain immediate possession of merchandise liable to seizure. The particular part of the stipulation referred to by counsel for respond-

ent is contained in the last paragraph of the document reading as follows:

IT IS FURTHER STIPULATED AND AGREED, that should the appraised value as finally determined exceed the entered value of the said merchandise by more than 100 percent, and the Commissioner of Customs deny relief, the money deposited may be seized and forfeited and covered into the Treasury of the United States as though received from a sale of the merchandise, and (I or we), do hereby waive any and all objections which may at any time be raised by reason of the fact that the merchandise has been delivered and the cash deposited in lieu thereof.

It is stated in the provision quoted that the "money deposited may be seized," etc., but in order to determine to what the words "money deposited" refer, it is necessary to examine the third paragraph of the document, which reads as follows:

WHEREAS, I have deposited with the collector of the port of _____, a sum of money equivalent to the domestic value of said case of merchandise, said sum to be held by the collector pending reappraisement or re-reappraisement of the merchandise, or an application to the Commissioner of Customs for relief.

It is apparent that the "money deposited," mentioned in the stipulation or waiver, was a "sum of money equivalent to the domestic value of the case of merchandise" and a legal construction of the document in question indicates that the importer waived the refund only of the deposit equivalent to the domestic value of the merchandise, in case the Commissioner of Customs denied relief, and did not waive a remission of the additional duties assessed for undervaluation. Article 1115 of the Customs Regulations of 1931 indicates that there is a distinction between petitions for remission of additional duties and petitions for relief from forfeitures, and directs that petitions for remission of forfeitures shall be held by the collector of customs until the decision on the petition for remission of additional duties is acted upon by the United States Customs Court. Paragraph (d) of that regulation reads:

(d) Petitions for remission of forfeitures incurred should not be forwarded to the department pending action by the United States Customs Court if petitions for remission of additional duties have been filed with said court.

We find that the stipulation or waiver referred to by counsel for respondent does not deprive the importer of the right to litigate the petition for remission of additional duties before this court. The motion of counsel for respondent to dismiss this petition is therefore denied, exception being granted to counsel for respondent.

Since the importer differed from the appraiser as to the dutiable value of merchandise, and, in order to make up a test case, made an entry at a value he knew would not be acceptable to the appraiser but disclosed all the facts to the customs officers before entry, we find no attempt to deceive the appraiser, or to defraud the revenue of the

United States, or to conceal or misrepresent the facts. Citing *Golding Bros. Co.* v. *United States*, T. D. 49078.

The petition for remission is granted and the collector of customs will refund the additional duty taken under section 489 of the Tariff Act of 1930 on the drawings here in controversy. Judgment will be entered in favor of the petitioners.