BEFORE THE THIRD DIVISION, JUNE 12, 1942

**No. 47307.—**Petitions 6204–R, etc., of Coty Processing Co., Inc., et al. (New York).

Opinion by CLINE, J. The witness, department head in charge of making entries, testified for the petitioners that she submitted all the invoices to the customs examiner before making entry; that she understood that there was an investigation which started in September, 1935, and was not concluded before April, 1937; that the question involved was whether or not the shipper was a manufacturer, as the merchandise was to be appraised on the cost of production; that a great many appeals to reappraisement had been filed before the matter was finally settled by the court; and that in these particular cases there was an advance of 5 percent. Following *Mrs. G. P. Snow, Hearst Magazines, Inc. v. United States* (1 Cust. Ct. 46, C. D. 13) and on the record presented the court was of the opinion that the petitioners acted without intention to misrepresent the facts or to defraud the revenues of the United States. The petitions were therefore granted.

BEFORE THE SECOND DIVISION, JUNE 15, 1942

**No. 47308.—**Petition 6284–R of Henry S. Beach (El Paso).

Opinion by TILSON, J. From an examination of the record the court was satisfied that the entry of the merchandise at a less value than that returned upon final appraisement was without any intent to defraud the revenue of the United States, conceal or misrepresent the facts, or to deceive the appraiser. The petition was therefore granted.

**No. 47309.—**Petition 6221–R of Burbank, Douglass & Co. (Portland, Maine).

Opinion by TILSON, J. From an examination of the record the court was satisfied that the entry of the merchandise at a less value than that returned upon final appraisement was without any intent to defraud the revenue of the United States, conceal or misrepresent the facts, or to deceive the appraiser. The petition was therefore granted.

BEFORE THE THIRD DIVISION, JUNE 15, 1942

**No. 47310.—**Petitions 6195–R, etc., of Al Rosenfeld (New York).

Opinion by CLINE, J. From the testimony it appeared that the broker had a conference with the examiner before making the entries and was told that the entries would be advanced 15 percent as this advance had been made on similar merchandise imported by others; that on certain entries he made advances to meet the advances made by the appraiser in the test case, but on the particular entries in question, which covered merchandise from a certain exporter, the petitioner told his broker to enter at the invoice value in order to make up a test case. The appraiser advanced the value and the importer filed appeals to reappraisement, but before the cases were heard he discovered the exporter was not a manufacturer and he therefore abandoned his appeals. On the record presented