**No. 48085.**—Protest 936217–G of New York Merchandise Co. (New York).

Opinion by TILSON, J.  In accordance with stipulation of counsel the merchandise in question was held dutiable as follows: (1) Brass base shells at 35 percent under paragraph 353, as parts of articles having as an essential feature an electrical element or device, such as signs, following *New York Merchandise Co., Inc.* v. *United States* (8 Cust. Ct. 209, C. D. 607); (2) paperweights at 40 percent under paragraph 339, as household utensils, on the authority of *F. W. Woolworth Co.* v. *United States* (26 C. C. P. A. 221, C. A. D. 20); (3) banks similar to those the subject of Abstract 42749 at 40 percent under paragraph 339 as hollow ware; and (4) banks similar to those the subject of Abstract 38680 at 40 percent under paragraph 339 as household utensils.  Protest sustained in part.

**No. 48086.**—Protest 789522–G/10469 of Kloeckner Steel Corp. (New Orleans).

Opinion by TILSON, J.  In accordance with stipulation of counsel and on the authority of *Wilbur-Ellis Co.* v. *United States* (9 Cust. Ct. 120, C. D. 673) the claim for free entry under paragraph 1604 was sustained.

BEFORE THE FIRST DIVISION, MARCH 11, 1943

**No. 48087.**—Protest 58025–K of Strauss-Eckardt Co., Inc. (New York).

Opinion by OLIVER, P. J.  It appeared that, through oversight, no items were marked on the invoice in entry 752585 as dutiable under paragraph 1541.  That having now been done, the claim at 40 percent under paragraph 1541 was sustained as to the items covered by said entry.

BEFORE THE THIRD DIVISION, MARCH 11, 1943

**No. 48088.**—Petition 6272–R of Maurice Levy (New York).

Opinion by CLINE, J.  From the testimony of the witness in this case (the petitioner) it was found that the invoice price had been paid for the goods and that rather than make amended entry to cover additions he decided to make a test case, and that he did not withhold any information from the Government officials, and did not intend to defraud the Government.  On the record presented the petition was granted.  *United States* v. *Guerlain, Inc.* (28 C. C. P. A. 200, C. A. D. 146), and *Mrs. G. P. Snow* v. *United States* (1 Cust. Ct. 46, C. D. 13) cited.